**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WANDA PICHLER,**

      **Plaintiff,**   **CIVIL ACTION NO. 09-CV-10843-DT**

  vs.

                                **DISTRICT JUDGE JULIAN ABELE COOK**

**UNITED STATES STEEL CORP.,**   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
      **Defendants.**
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO QUASH**
**AND**
**GRANTING DEFENDANT'S MOTION FOR LEAVE TO**
**FILE SUPPLEMENTAL BRIEF**

This matter comes before the Court on the Emergency Motion to Quash Plaintiff's Depositions and Subpoenas filed by Defendant United States Steel Corp. (U.S. Steel) (docket no. 40), and the Motion for Leave to File Supplemental Brief filed by Defendant EES Coke Battery, LLC (EES) (docket no. 53). These motions have been fully briefed.[1] These two motions have been referred to the undersigned for decision. (Docket no. 56). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

This is a wrongful death action originally filed in Michigan state court and later removed to this Court. (Docket no. 41 at 1). Plaintiff's decedent was killed on January 5, 2008 due to an explosion which caused a pipe structure to collapse at the United States Steel – Great Lakes Works located on Zug Island in River Rouge, Michigan. (Docket no. 53 ex. A). Plaintiff's decedent was in the process of drilling holes into a 54-inch gas pipeline when he was killed. (*Id*.).

---

[1] Defendant EES joins in U.S. Steel's Motion to Quash. (Docket no. 49).

**1.     Motion to Quash**

Defendant U.S. Steel shows that when Plaintiff filed this action in state court, or shortly thereafter, Plaintiff served upon Defendant copies of several subpoenas and notices of deposition duces tecum. (Docket no. 40 ex. A). The entities and persons from which Plaintiff seeks such discovery include Lt. Stanton of the Detroit Fire Department, Richard Kawucha of MIOSHA, George Zagresky of MIOSHA, Eva Hiatt of MIOSHA, the records custodian for MIOSHA, and Sgt. Jeff Harris of the River Rouge Police Department. (*Id*.).

Defendant U.S. Steel argues that these attempts at discovery are not proper under Fed. R. Civ. P. 16 and 26. (Docket no. 40 at 6). Specifically, Defendant contends that no Rule 16 scheduling conference has yet taken place in this action and that no Rule 26 initial disclosures have taken place. (*Id*. at 4). Defendant's counsel argues that he advised Plaintiff's counsel that the depositions requested are improper, but that Plaintiff's counsel intends to go forward with the depositions because this Court allegedly lacks subject matter jurisdiction in this matter.[2] (*Id*.). Plaintiff in response argues that she "is claiming that this Court does not have jurisdiction," however there is no substantive argument on this claim in her brief. (Docket no. 46 at 2). In her brief Plaintiff contends that counsel has a right to investigate the facts and circumstances surrounding a cause of action "outside of the discovery process." (*Id*. at 10). Plaintiff also argues that a Rule 16 conference may never take place if her motions to remand are granted. (*Id*.).

Rule 26(d)(1), Fed. R. Civ. P., provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except under certain exceptions that

---

[2] Plaintiff has filed two Motions to Remand which are now pending in this action. (Docket nos. 41, 42).

no party argues apply in this action. Plaintiff does not contend that a Rule 16 pretrial conference has taken place or that a Rule 26(f) conference has occurred. Plaintiff's arguments are that the discovery she seeks falls outside of the purview of Rule 26(d), as an informal discovery process, or that this Court lacks jurisdiction to enforce Rule 26(d) due to Plaintiff's pending Motions to Remand.

Plaintiff's attempt to transform these discovery requests into some sort of informal information gathering process not subject to the Federal Rules of Civil Procedure must be rejected. The notices of deposition and subpoenas referred to above show on their face that Plaintiff is indeed seeking to conduct formal discovery. Therefore, the limitation on the timing of such discovery under Rule 26(d) is applicable.

Plaintiff's alternative argument that this Court lacks jurisdiction to enforce Rule 26(d) must also be rejected. Plaintiff cites no cases holding that a court lacks jurisdiction under similar circumstances. Courts recognize that in some situations limited post-removal discovery is necessary to determine whether the court has subject matter jurisdiction based on diversity of citizenship, the issue at the heart of Plaintiff's Motions to Remand. *See Sabo v. Dennis Technologies, LLC*, 2007 WL 1958591, slip op. at *3 (S.D. Ill. July 2, 2007). Although such discovery may be disfavored, if the Court lacked jurisdiction to conduct and control discovery after removal, but before ruling on a motion to remand, no discovery would ever be permitted. Indeed, if Plaintiff is correct that this Court lacks jurisdiction to control discovery in the present procedural posture of this action, this Court similarly would lack jurisdiction to grant Plaintiff the relief she seeks, an order remanding the case to state court. This Court therefore finds that it has jurisdiction to control the discovery attempts in this matter prior to a ruling on Plaintiff's Motions to Remand.

Plaintiff's proposed depositions and subpoenas are premature pursuant to Fed. R. Civ. P. 26(d). Defendant's Motion to Quash them will therefore be granted.

### 2. Motion for Leave to File Supplemental Brief

Defendant EES moves to file a supplemental brief to its Concurrence in U.S. Steel's Answer to Plaintiff's Motion to Remand. (Docket no. 53). Defendant contends that after filing its Concurrence, it received copies of the governmental investigation from MIOSHA and documents which are relevant to the question of whether this action should be remanded to state court. Plaintiff does not argue that leave to file the brief should be denied. Instead, Plaintiff counters the substantive arguments in the brief. Defendant's Motion for Leave to File is therefore not opposed and will be granted. Defendant's supplemental brief is already reflected on the docket at docket no. 54.

**IT IS THEREFORE ORDERED** that Defendant U.S. Steel's Emergency Motion to Quash (docket no. 40) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant EES's Motion for Leave to File Supplemental Brief (docket no. 53) is **GRANTED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 01, 2009                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 01, 2009           s/ Lisa C. Bartlett
                                          Courtroom Deputy