**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WANDA PICHLER,**

       **Plaintiff,**             **CIVIL ACTION NO. 09-CV-10843-DT**

  **vs.**

                                          **DISTRICT JUDGE JULIAN ABELE COOK**

**UNITED STATES STEEL CORP.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**    Plaintiff's Motion to Remand to State Court based on the Lack of Complete Diversity (docket no. 41) should be **GRANTED.**

Plaintiff's Motion to Remand to State Court based on the Failure of all Defendants to Join In Notice of Removal (docket no. 42) should be **DENIED** as moot.

**II.**    **REPORT:**

This matter comes before the Court on two motions filed by Plaintiff to remand this action to state court. (Docket nos. 41, 42). The bases for the motions are that complete diversity is lacking and that all Defendants did not join in the notice of removal. (*Id*.). The motions have been fully briefed. They were referred to the undersigned for a Report and Recommendation. (Docket no. 56). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

    **A.**    **Facts and Claims**

Plaintiff filed this action originally in state court, and Defendant United States Steel (U.S. Steel) filed a notice of removal and removed the action to this Court. (Docket no. 1). Plaintiff is

the personal representative of the estate of Thomas Pichler, Jr.  Plaintiff alleges in her Complaint that Thomas Pichler was killed on January 5, 2008 when a section of a gas pipeline on which he was working collapsed after an explosion in a section of the pipeline.  (*Id*.).  Defendants are U.S. Steel and EES Coke Battery, L.L.C. (EES), a subsidiary of DTE Energy Systems.  Plaintiff alleges that U.S. Steel and EES owned and operated the pipeline.  (*Id*.).  Plaintiff's Complaint includes claims of negligence, premises liability, negligent exercise of retained control, failure to exercise reasonable care in common work areas, failure to exercise reasonable care regarding inherently dangerous activities, and violations of statutes and regulations against both Defendants.  Additional claims of gross negligence and wanton and willful misconduct are made against Defendant U.S. Steel.  (*Id*.).

Defendant U.S. Steel removed this action even though there was not complete diversity among the parties because Plaintiff and Defendant EES are both citizens of Michigan.  (Docket no. 41 at 13; docket no. 47 at 11).  Defendant argues that removal was proper because Plaintiff named Defendant EES as a Defendant through "fraudulent joinder" in order to prevent the case from being removed to federal court.  (Docket no. 47 at 11).  Defendant submits two affidavits and maintains that Defendant EES did not "own, operate, supervise or control the equipment, pipes, valves, gases, instrumentalities or devices, being worked on by Mr. Pichler or his co-workers at the time of the accident, which Plaintiff has alleged to be involved in the accident."  (Docket no. 41 exs. 5 (affidavit of Stephen Tucci), 6 (affidavit of Gary Gross)).  Defendant EES joins Defendant U.S. Steel in arguing that Defendant EES may not be found liable and that it should be disregarded for purposes of determining whether complete diversity exists.  (Docket no. 50).

Plaintiff argues that it did not fraudulently join Defendant EES because there are several possible bases upon which Defendant EES may be liable under state law.  (Docket no. 51).  Plaintiff

points out that discovery has not yet been completed and there are still questions such as who owned and operated the pipeline system, where did the gas leak emanate, was there something wrong with the coke gas being supplied by Defendant EES, and what were the functions being performed by EES on site which may have contributed to the accident. (*Id*.). According to Plaintiff, because Defendant EES was not fraudulently joined, complete diversity does not exist, and the case must be remanded to state court. (*Id*.).

### B. Standard

The burden of establishing federal jurisdiction, and fraudulent joinder, is upon the removing party. *Alexander v. Electronic Data Sys. Corp*., 13 F.3d 940, 948-49 (6th Cir. 1994). "Under the doctrine of fraudulent joinder, the inquiry is whether [the non-removing party] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Jerome-Duncan, Inc., v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *see Alexander*, 13 F.3d at 949 (question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved). The non-removing party's motive in joining the non-diverse defendant is immaterial to the determination. *Jerome-Duncan*, 176 F.3d at 907. "As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977); *see Coyne v. American Tobacco Co*., 183 F.3d 488, 493 (6th Cir. 1999) ("because Plaintiffs failed to plead viable state law causes of action against the local Defendants, the district court properly denied Plaintiffs' remand motion on the basis of fraudulent joinder."); *Young v. Bailey Corp*., 913 F. Supp. 547, 550 (E.D. Mich. 1996).[1] All disputed questions

---

[1] Defendant argues that this Court is not bound by the pleadings, but may instead consider the entire record and determine the basis of joinder by any means available. (Docket no. 47 at 15); *see Graphic Resources Group., Inc., v. Honeybaked Ham Co.*, 51 F. Supp. 2d 822,

of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Coyne*, 183 F.3d at 493; *Alexander*, 13 F.3d at 949. All doubts as to the propriety of removal are resolved in favor of remand. *Coyne*, 183 F.3d at 493.

### C.     Analysis

#### 1.     Plaintiff's Motion to Remand Based on Lack of Diversity

Defendant U.S. Steel concedes that Defendant EES sold it coke gas and that this coke gas traveled to the site of the explosion in the gas pipeline which Plaintiff alleges resulted in Thomas Pichler's death. (Docket no. 47 at 4). Defendant describes coke gas as being similar to natural gas commonly used to heat homes and businesses. (*Id*. at 11). Defendant also concedes that Plaintiff's Complaint is "filled" with allegations against EES, but contends that Plaintiff has failed to "come forward with anything to refute" the affidavits of Mr. Tucci and Mr. Gross. (*Id*. at 15). Defendant U.S. Steel argues that these affidavits may be fairly summarized as "attesting that EES had no ownership or control of any of the equipment involved in the decedent's accident and no ownership of the gas that was on USS property at the time of the explosion." (*Id*.). Defendant further argues that there is no "showing that any pipeline or other piece of equipment having anything to do with the accident was owned or in any way under the control of EES." (*Id*. at 15-16).

Defendant's argument of fraudulent joinder is therefore focused not on the pleadings but on the evidentiary showings. Under the Sixth Circuit precedent discussed above, the Court finds this

---

825 (E.D. Mich. 1999). Although the *Graphic Resources* court adopted this standard based on out-of-circuit precedent, it did not discuss the Sixth Circuit authority which generally limits the review to the pleadings. This Court finds that the fraudulent joinder analysis should generally focus on the pleadings as the Sixth Circuit has directed. *See Ludwig v. Learjet, Inc.*, 830 F. Supp. 995, 998 (E.D. Mich. 1993) (stating standard as whether there is "no reasonable basis for a claim against the non-diverse defendant in state court based on the alleged facts"); *Wiacek v. Equitable Life Assurance Soc'y of the U.S.*, 795 F. Supp. 223, 226 (E.D. Mich. 1992) (same).

focus to be misplaced.  *See Coyne*, 183 F.3d at 493; *Union Planters Nat'l Bank*, 557 F.2d at 89. Because Defendant has failed to carry its burden of showing that the allegations in Plaintiff's Complaint fail to create a reasonable basis for the liability of Defendant EES under state law, fraudulent joinder is not established, and the case should be remanded.

Even if the affidavits of Mr. Tucci and Mr. Gross are considered, they are an insufficient basis upon which to find that Defendant has carried its heavy burden of showing fraudulent joinder. The liability of Defendant EES will turn on the result of the discovery yet to be taken in this action. Experts will likely weigh in on the cause of the explosion and its effect on the section of pipeline on which Plaintiff's decedent was working when he was killed.  Even if the gas and pipeline were owned and being operated by Defendant U.S. Steel at the time of the explosion, the affidavits do not rule out a reasonable basis for EES's liability because the gas was made by Defendant EES and passed directly from its facility through the pipeline to become the property of U.S. Steel. Defendant EES points out that the gas could have leaked into the pipeline through a faulty valve belonging to  Defendant EES. (Docket no. 51 at 4).  Such a valve could have been some distance away from the site either of the accident or the explosion.  Defendant's affidavits do not clearly rule out such a basis for liability.  Plaintiff also alleges that agents and employees of Defendant EES were on site when work was being performed on the pipeline system and submits an attendance sheet for work being performed on the pipeline dated December 11, 2007 reflecting the names of employees or agents of DTE Energy, Defendant EES's parent company.  (*Id*. at 5 & ex. 8). Defendant's affidavits do not mention this possible involvement of Defendant EES.

Defendant U.S. Steel also argues that based on Michigan state law, Defendant EES as the supplier of the gas cannot be held liable for simply delivering the gas to U.S. Steel.  (Docket no. 47

at 16-17 (citing *Fleegar v. Consumers' Power Co.*, 247 N.W. 741 (Mich. 1933)).  However, the allegations and possible bases for liability in this action involve much more than Defendant EES simply delivering gas to U.S. Steel.  Therefore, this Court does not find such cases to be dispositive.

Finally, Defendant EES argues that based on the Michigan Department of Labor report of the accident (MIOSHA report), there is no basis for holding it liable for Plaintiff's decedent's death. (Docket no. 54).  However, the fact that the MIOSHA report did not implicate Defendant EES in the accident does not rule out the possibility that later discovery would uncover evidence of EES's involvement.  This possibility is especially pronounced in a situation where there are allegations of attempts to hide aspects of the accident and explosion.  Plaintiff alleges in her Complaint that Defendant U.S. Steel "withheld information about the explosion" and withheld from a responding police detective access to welders present at the scene of the explosion.  (Docket no. 1, Complaint, ¶¶ 22-32).  Finally, the author of the MIOSHA report, Mr. Zagresky, stated in his deposition that his purpose was to determine compliance with Department of Labor standards and rules rather than to determine the cause and origin of the fire.  (Docket no. 57-3 at 3).

There is no dispute that if Defendant EES is not found to be fraudulently joined, this action must be remanded due to a lack of diversity.  Defendant U.S. Steel has failed to show fraudulent joinder.  Plaintiff's Motion to Remand Based on Lack of Diversity should therefore be granted.

**2.     Plaintiff's Motion to Remand Based on Failure to Join in Removal**

Plaintiff's alternative Motion to Remand due to the failure of Defendant EES to join in Defendant U.S. Steel's notice of removal is moot given this Court's above recommendation.  In addition, a defendant who has been fraudulently joined is not under an obligation to join in the notice of removal.  *See Alexander v. UDV North America, Inc.*, 78 F. Supp. 2d 614, 617 n.4 (E.D.

Mich. 1999). Therefore, the determinative issue, whether Defendant EES was fraudulently joined, is the same as for the above motion.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  May 04, 2009             s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 04, 2009             s/ Lisa C. Bartlett
                                                Courtroom Deputy