UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANDA PICHLER, as Personal Representative of
the Estate of Thomas M. Pichler, Jr., Deceased,

        Plaintiff,

v.                                                           Case Number: 09-10843
                                                               Honorable Julian Abele Cook, Jr.

UNITED STATES STEEL CORPORATION and
EES COKE BATTERY, LLC,

        Defendants.

## ORDER

This case, after having been initially filed in the Wayne County Circuit Court of Michigan, was removed by one of the Defendants, United States Steel Corporation ("US Steel") to the federal court on March 6, 2009 on the basis of its diversity jurisdiction. 28 U.S.C. § 1332. The dispute between these parties revolves around allegations by the Plaintiff, Wanda Pichler who - in her capacity of the Personal Representative of the Estate of Thomas M. Pichler, Jr., Deceased - contends that the Decedent was killed on January 5, 2008 when a section of a gas pipeline on which he was working collapsed after an explosion.

On March 24, 2009, Pichler filed a pair of motions for a remand, both of which were referred to Magistrate Judge Mona K. Majzoub for a report and recommendation. Shortly thereafter, she submitted a report to the Court, in which she recommended that one of Pichler's motions be granted because of the absence of complete diversity between the parties. Magistrate

Judge Majzoub also recommended that the Court deny Pichler's second motion to remand for reasons of mootness.

For the reasons that have been stated below, the Court adopts Magistrate Judge Majzoub's report and recommendation in full and, in so doing, grants Pichler's motion to remand this case to the Wayne County Circuit Court of Michigan for such purposes as may be appropriate.

In her report and recommendation, Magistrate Judge Majzoub found that US Steel had "removed this action even though there was not complete diversity among the parties because [the] Plaintiff and [the Defendant, EES Coke Battery, LLC ("EES Coke")] are both citizens of Michigan." Although US Steel does not challenge the finding that its co-Defendant and Pichler are citizens of Michigan, it does affirmatively assert that EES Coke was "fraudulently joined" in this case in order to prevent this lawsuit from being removed to a federal court. In rendering this decision, the magistrate judge initially noted that (1) the burden of establishing federal jurisdiction, as well as a fraudulent joinder, rests with the removing party (*Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994)) and (2) "[u]nder the doctrine of fraudulent joinder, the inquiry is whether [the non-removing party] had at least a colorable cause of action against [the non-removing party] in the Michigan state courts" *Jerome-Duncan, In., v. Auto-By-Tel, LLC,* 176 F.3d 904, 907 (6th Cir. 1999). Thereafter, she concluded that US Steel had failed to carry its burden of showing that the allegations in Pichler's complaint had not created a reasonable basis for the liability of EES Coke under state law. Thus, Magistrate Judge Majzoub declared that US Steel's claim of "fraudulent joinder [had not been] established, and the case should be remanded." A timely objection by US Steel followed.

Of the five objections to Magistrate Judge Majzoub's report that have been made on behalf

of US Steel, only one is applicable to the issue of remand.[1] In its objection, US Steel "respectfully objects to the refusal of the Magistrate Judge to follow guidance established in *Graphic Resources Group, Inc. v. Honeybaked Ham Company,* 51 F.Supp. 2d 822 (E.D. Mich. 1999)." Contrary to this assertion by US Steel, Magistrate Judge Majzoub sets forth in detail the bases for her reliance upon the fraudulent joinder analysis in *Ludwig v. Learjet, Inc.*, 830 F. Supp. 995, 998 (E.D. Mich. 1993) and *Wiacek v. Equitable Life Assurance Soc'y of the U.S.*, 795 F. Supp. 223, 226 (E.D. Mich. 1992) to support the conclusions that she made. In her report, she opined that "[a]s a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir. 1977); *see also Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999)("because Plaintiffs failed to plead viable state law causes of action against the local Defendants, the district court properly denied Plaintiffs' remand motion on the basis of fraudulent joinder.")

Here, Magistrate Judge Majzoub identified several reasons why, in her opinion, EES Coke had not been fraudulently joined in this lawsuit (*e.g.,* (1) US Steel had been sold coke gas by EES Coke which traveled to the site of the explosion in the gas pipeline, and (2) agents and employees of EES Coke were working on the pipeline system at the time of the accident).

In its review of the objections by US Steel, the Court concludes that US Steels's objections to the magistrate judge's report and recommendation fail to demonstrate that her decision was "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A). Furthermore, the Court agrees

---

[1]Three of the objections by US Steel are arguments which address the substantive issues in this case and, hence, do not have any relationship to the issue of whether this Court has jurisdiction over this litigation. The final objection from US Steel consists of a conclusory statement - without any cited legal authority - that the magistrate judge had rendered a decision which was erroneous or contrary to law.

with the Magistrate Judge Majzoub who determined that US Steel has not shown that its co-Defendant had been fraudulently joined in this case.

In rendering this opinion, the Court adopts the magistrate judge's report and recommendation in full. Pichler's motion to remand (Docket #41) this case to the Wayne County Circuit Court of Michigan is granted. Her other motion to remand (Docket #42) is denied for reasons of mootness.

IT IS SO ORDERED.

Dated: September 30, 2009           S/Julian Abele Cook, Jr.
      Detroit, Michigan               JULIAN ABELE COOK, JR.
                                             United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2009.

                                                           s/ Kay Doaks
                                                           Case Manager