UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WANDA PICHLER, as Personal Representative of the
Estate of Thomas M. Pichler, Jr., Deceased,

        Plaintiff,

v.

                                                      Case Number: 09-10843
UNITED STATES STEEL CORPORATION and EES     Honorable Julian Abele Cook, Jr.
COKE BATTERY, LLC,                                Magistrate Judge Mona Majzoub

        Defendants.

## ORDER

This case, after having been initially filed in the Wayne County Circuit Court of Michigan, was removed by one of the Defendants, United States Steel Corporation ("US Steel") to this federal court on March 6, 2009 on the basis of its diversity jurisdiction, 28 U.S.C. § 1332. The dispute between these parties revolves around allegations by the Plaintiff, Wanda Pichler who - in her capacity of the Personal Representative of the Estate of Thomas M. Pichler, Jr., Deceased - contends that the Decedent was killed on January 5, 2008 when a section of a gas pipeline on which he was working collapsed after an explosion.

On May 1, 2009, a magistrate judge entered an opinion and order which, in part, granted a motion by US Steel to quash certain depositions and subpoenas that had been filed by the Plaintiff. In rendering her decision, the magistrate judge noted that "Plaintiff's decedent was in the process of drilling holes into a 54-inch gas pipeline when he was killed." Five days later, the Plaintiff filed a limited objection to this portion of the order, challenging it as obiter dictum and labeling the

1

magistrate judge's basis for her decision as an erroneous factual finding. Through inadvertence, the Court never ruled on the Plaintiff's objection.

Rather, the Court issued an order on September 30, 2009 which adopted the magistrate judge's report and recommendation of May 4, 2009 and remanded the case to a state court. This report from the magistrate judge addressed a different issue altogether and did not contain the language within the May 1st opinion to which the Plaintiff expressed an objection.[1] Following the entry of the September 30th order, the Plaintiff filed a motion in which she asked the Court to alter or amend its order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or to reconsider it under Rule 7.1(g)[2] of the Local Rules of the Eastern District of Michigan.[3] US Steel objected to the requested relief and argued that the Plaintiff's motion was untimely because of her failure to file objections within a period of ten days from the date of the magistrate judge's May 1, 2009 opinion and order, as required by Fed. R. Civ. P. 59(e)[4] and E. D. Mich. R. 7.1(g). The Court finds this contention to be unpersuasive however, inasmuch as the Plaintiff had initially voiced her objection

---

[1]The May 4, 2009 report, which was adopted by the Court, recommended that this case be remanded to a state court, citing to the lack of complete diversity.

[2]Local Rule 7.1(g) provides in relevant part:

(3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

[3]Although the Plaintiff has filed her motion under Local Rule 7.1(g) and Fed. R. Civ. P. 59(e), this order will not grant the relief requested under Rule 7.1(g), inasmuch as she has not identified a determinative palpable defect that has misled the Court and/or the parties.

[4]With an effective date of December 1, 2009, this rule was amended to extend the time for filing a motion under its provisions to 28 days after the entry of the judgment.

to the contested language in a pleading that was filed on May 6, 2009.

Although the Plaintiff cited Rule 59(e) in her motion, the Court will consider the requested relief under Rule 60(a) of the Federal Rules of Civil Procedure, which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Here, it is clear to this Court that the magistrate judge's language (namely, "Plaintiff's decedent was in the process of drilling holes into a 54-inch gas pipeline when he was killed") was not essential to her May 1, 2009 ruling on the motion to quash by US Steel. It appears that the magistrate judge - rather than making a factual finding - was simply providing a synopsis of the background of this case. Inasmuch as this statement was not crucial to the magistrate judge's resolution of the issue before her, the Court regards it as obiter dictum, i.e. "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential." BLACK'S LAW DICTIONARY 1102 (8th ed.2004).

This Court could have, but did not, address this issue (which was then pending) in its September 30, 2009 order. Accordingly, the Court will amend its September 30, 2009 by adding language that will strike the following obiter dictum language from the magistrate judge's report of May 1, 2009 (to wit, "Plaintiff's decedent was in the process of drilling holes into a 54-inch gas pipeline when he was killed"). An evaluation of the actions of the Plaintiff's decedent at the time of his death is clearly a task for the ultimate fact-finder in this case.

II.

The Plaintiff has also filed a motion in which she seeks to obtain $29,600 in attorney fees from US Steel pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927. She contends that US Steel's

efforts to remove the case to this federal court were without merit and designed solely as a mechanism with which to (1) delay the litigation process and (2) vexatiously multiply these proceedings. As an aside, the Plaintiff points out that the Court and the magistrate judge concurred with her assessment that the case should be remanded to state court.

The relevant portion of the remand statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Yet, the Sixth Circuit has held that in the absence of unusual circumstances, an award of attorney fees is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal." *Warthman v. Genoa Township Bd. of Trustees,* 549 F.3d 1055, 1059 -1060 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-37 (2005)). Stated differently, a court should not award fees in a situation in which the removal action was "fairly supportable." *Id.* at 1059. Moreover, through 28 U.S.C. § 1927, Congress has authorized courts to grant attorney fees that are reasonably incurred as a result of a litigant who "multiplies the proceedings in any case unreasonably and vexatiously."

Here, the Plaintiff asserts that US Steel lacked an objectively reasonable basis for seeking removal inasmuch as (1) it was aware that complete diversity among the parties was lacking; (2) it knowingly placed an improper focus upon the evidentiary showings as opposed to the Plaintiff's pleadings; (3) it knew that certain affidavits, which had been submitted in support of its removal action, were insufficient to establish a lawful joinder; and (4) it had knowledge of the two non-diverse corporate entities that were allegedly culpable in the explosion, and whose presence would have immediately defeated federal jurisdiction. In the opinion of the Plaintiff, these factors support her view that US Steel "unreasonably and vexatiously" multiplied the proceedings, for which

4

sanctions should be imposed.

In response, US Steel notes that its grounds for seeking removal were objectively reasonable and had a legitimate basis in law and in fact. As such, US Steel rejects the Plaintiff's assertion that its removal action was frivolous or designed with an ill intent.

After carefully reviewing the record, the Court finds that the Plaintiff's request for attorney fees is without merit. While the Court ultimately agreed with the magistrate judge in rejecting US Steel's fraudulent joinder analysis, there is no evidence that the position of this Defendant was frivolous or unsupported by law. Moreover, the record does not establish that US Steel acted in bad faith or with an intent to harass the Plaintiff or her counsel. Because the Plaintiff has not persuaded the Court that the Defendant's effort to remove the case was either "objectively unreasonable" or vexatious, her request for attorney fees, must be, and is denied.

IV.

For the reasons that have been stated above, (1) the Plaintiff's motion to alter or amend the September 30, 2009 order of the Court is granted, and (2) the Plaintiff's motion for attorney fees is denied. In rendering this decision, the Court modifies its order of September 30, 2009 with the addition of the following language:

> The reference in the magistrate judge's May 1, 2009 opinion that "Plaintiff's decedent was in the process of drilling holes into a 54-inch gas pipeline when he was killed" is stricken as obiter dictum.

IT IS SO ORDERED.

Dated: February 25, 2010      S/Julian Abele Cook,, Jr.
    Detroit, Michigan      JULIAN ABELE COOK, JR.
                                                  United States District Court Judge

Certificate of Service

      I hereby certify that on February 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                        s/ Kay Doaks
                                                                       Courtroom Deputy Clerk